FILED & ENTERED

APR 06 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ALFRED HUTCHINGS, JR.,<br><br>Debtor. | Case No.: 2:17-bk-10233-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO CONVERT UNDER 11 U.S.C § 706(a) WITHOUT PREJUDICE**<br><br>Date:     April 11, 2017<br>Time:    2:30 p.m.<br>Courtroom:    1675 |

   Pending before this court is the motion of Debtor Alfred Hutchings, Jr., under 11 U.S.C. § 706(a), to convert this Chapter 7 bankruptcy case to one under Chapter 13, Electronic Case Filing No. ("ECF") 24, filed on March 6, 2017. Matthew D. Resnik, of the law firm of Simon Resnik Hayes LLP, represents Debtor. The motion was filed on the court's Form 1017-1.1.MOTION.DEBTOR.CONVERT, and there was no evidence attached in support of the motion, apparently indicating that Debtor did not expect that any party in interest would oppose the motion to exercise his unwaivable right as the debtor in this bankruptcy case to convert the case under 11 U.S.C. § 706(a), which provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section

1  1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this
2  subsection is unenforceable." *See also, Marrama v. Citizens Bank of Massachusetts,*
3  549 U.S. 365 (2007).   No notice of motion was filed with the motion, which either
4  noticed the motion for hearing or gave notice of an opportunity to request a hearing on
5  the motion, as required by Local Bankruptcy Rule 9013-1(c)(2) and (o). The proof of
6  service for the motion indicated service on the United States Trustee, the Chapter 7
7  Trustee and many creditors, though the court determines that not all creditors were
8  served with the motion since not all of the creditors on the case mailing matrix were
9  served (i.e., Amex, Barclays Bank Delaware, County of Los Angeles Registrar, Discover
10 Financial Services, LLC, and PRA Receivables Management, LLC, were not served,
11 and no explanation was given in the proof of service for the motion why these entities
12 on the mailing matrix were not served).
13    Although the motion was not accompanied by a notice of motion as required by
14 Local Bankruptcy Rule 9013-1(c)(2) and (o), the motion drew written oppositions filed by
15 Peter C. Anderson, the United States Trustee, and Richard K. Diamond, the Chapter 7
16 Trustee, which oppositions requested . ECF 25, filed on March 8, 2017, and ECF 26,
17 on March 9, 2017. Kenneth G. Lau, of the Office of the United States Trustee,
18 represents the United States Trustee, and Sonia Singh, of the law firm of Danning, Gill,
19 Diamond & Kollitz, LLP, represents the Chapter 7 Trustee.
20    Subsequently, on March 20, 2017, Debtor filed a notice of motion for the motion
21 noticing it for hearing on April 11, 2017. Notice of Motion, ECF 27, filed on March 20,
22 2017. The proof of service of the notice of motion indicated that the same parties which
23 had been served with the motion originally were served with the notice of motion, which
24 did not include all creditors.
25    On April 4, 2017, Debtor filed amended bankruptcy schedules, including
26 amended income and expense schedules (Schedules I and J) and a reply to the
27 oppositions of the United States Trustee and Chapter 7 Trustee. Debtor's reply
28 included a memorandum of points and authorities and substantive evidence in support

of the motion to convert.  Although Debtor's reply was the first time that he set forth the legal and factual bases for his motion to convert, including his newly amended bankruptcy schedules, the proof of service for the reply indicates that Debtor served only the United States Trustee and the Chapter 7 Trustee and Raffi Khachadourian, of the law firm of Hemar, Rousso & Heald, LLP, who filed a request for special notice and may represent a creditor, though this is not indicated on the request for special notice, but no creditors were otherwise served with the reply.

Because the court finds that the motion is procedurally defective due to insufficient notice and service of process, pursuant to LBR 9013-1(j)(3), the court dispenses with oral arguments as unnecessary, vacates the hearing the motion on April 11, 2017, takes the motion under submission, rules on the motion on procedural grounds on the papers without reaching the merits and denies the motion without prejudice.

Notice of motion and service of process are insufficient because Debtor did not serve all creditors with the notice of motion as required by Federal Rule of Bankruptcy Procedure 2002(a)(4).  Since Local Bankruptcy Rule 9013-1(c)(3)(A) and (i) requires that factual contentions involved in a motion must be supported by declarations and other written evidence and that such evidence be attached to the motion, none of the evidence in support of the motion was filed until April 4, 2017 when Debtor amended his bankruptcy schedules and filed his reply, none of which was not served on any creditors, and thus, the court determines that notice to creditors is insufficient because they have not been given notice of the evidence in support of the motion pursuant to Local Bankruptcy Rule 9013-1(c)(3)(A) and (i).

Accordingly, the court denies the motion without prejudice for insufficient notice and lack of proper submission of supplemental evidence in support of the motion and directs that service of notice of any renewed motion be made upon all creditors listed on the creditor mailing matrix, the Chapter 7 Trustee, the United States Trustee and any party requesting special notice.  The hearing on the motion set for April 11, 2017 at 2:30

p.m. is hereby vacated and taken off calendar, and no appearances are required on April 11, 2017.

    IT IS SO ORDERED.

###

Date: April 6, 2017

_____
Robert Kwan
United States Bankruptcy Judge